IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HEATHER MEYER-CONLEY and E.T.
a minor, through her guardian *ad litem*,
Heather Meyer-Conely,

        Plaintiffs,

    v.

ADDICTION COUNSELING AND
EDUCATIONAL SERVICES, INC., dba
EMERGENCE ADDICTION AND
BEHAVIORAL THERAPIES and MOLLY
NEWMAN,

        Defendants.
_____

Case No. 6:17-cv-1719-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff Heather Meyer-Conley brings claims under 42 U.S.C. § 1983 against defendant Addiction Counseling and Educational Services, Inc. ("Addiction Counseling" or "Emergence") for injuries Meyer-Conley suffered after defendant provided inaccurate results to the court as part of Meyer-Conley's court ordered drug testing.[1] Although Meyer-Conley brings state

---

[1] Meyer-Conley also brings claims as guardian *ad litem* on behalf of her son E.T. Although Meyer-Conley named Molly Newman in the complaint, Meyer-Conley voluntarily dismissed those claims in her response to the pending motion to dismiss. Therefore, Addiction Counseling is the only remaining defendant.

1 – OPINION AND ORDER

negligence claims against Addiction Counseling, those claims are not relevant to this opinion. Addiction Counseling moves to dismiss the § 1983 claims for failure to state a claim. As discussed below, the motion to dismiss, ECF NO. 15, is GRANTED because the complaint fails to allege Addiction Counseling was deliberately indifferent to Meyer-Conley's constitutional rights. Meyer-Conley's request for oral argument is denied as unnecessary.

## BACKGROUND[2]

Addiction Counseling contracted with Lane County Circuit Court's Drug Court as the exclusive provider of drug testing for drug court participants. First Am. Compl. ¶ 6. On October 28, 2015, Meyer-Conley went to Addiction Counseling's office to provide a urine sample ("UA") as part of the drug court requirements. During that time period, Meyer-Conley breast fed E.T., her one-month old daughter. An employee of Addiction Counseling administered the UA.

> 13. Plaintiff Meyer-Conley was informed that her UA result came back positive for opiates.
>
> 14. Long after the alleged positive result, Emergence disclosed that the UA that was tested with Meyer-Conley's name did not contain methadone, which her other UA tests before and after clearly demonstrated she had in her system; and Emergence's Director therefore concluded that the UA which was submitted to the testing lab was not Meyer-Conley's urinalysis specimen.
>
> 15. Emergence also stated in that letter that defendant Newman had stated that she followed the Chain of Custody policy; but that Emergence's policy of collecting one UA at a time had been violated when Newman allowed two samples to be submitted at the same time.
>
> 16. Because of the erroneous UA result, plaintiff Meyer-Conley was arrested and jailed for three days; and her newborn child, plaintiff E.T., was removed to foster care.
>
> 17. At the time of her arrest plaintiff Meyer-Conley was on methadone, which was legal and approved by the drug court.

---

[2] At the motion to dismiss stage, I assume the truth plaintiffs' allegations.

18. At the time of plaintiff Meyer-Conley's arrest, newborn E.T.'s nourishment was provided by her mother's breast milk.

19. While in jail, Meyer-Conley was unable to nurse or to express breast milk; and was not able to take her methadone.

20. Because Meyer-Conley could not breast-feed E.T. while E.T. was in foster care (for nearly a week), E.T. went through severe methadone withdrawals; Meyer-Conley suffered severe pain in her breasts; and her milk dried up, permanently depriving both her and E.T. of the emotional and physical benefits of breast-feeding, which were especially crucial for E.T., who had been born premature.

First Am. Compl. (internal citation omitted).

As noted, Meyer-Conley brings claims against Addiction Counseling under § 1983. Addiction Counseling moves to dismiss those claims.

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

While considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

3 – OPINION AND ORDER

## DISCUSSION

Meyer-Conley brings three § 1983 claims against Addiction Counseling. Those claims are based on: (1) false imprisonment; i.e., causing Meyer-Conley to be imprisoned "due to an unreliable UA," First Am. Compl. ¶ 25; (2) illegal search and seizure of Meyer-Conley's urine; and (3) unwarranted interference with plaintiffs' rights to familial relationship. Meyer-Conley brings these claims against Addiction Counseling based on its "organizational liability." The parties agree that to be liable under ¶ 1983, Addiction Counseling must have been "deliberately indifferent" to plaintiffs' constitutional rights. As discussed below, Meyer-Conley's claims allege, at most, that Addiction Counseling was grossly negligent.

"[T]he Fourteenth Amendment . . . does not transform every tort committed by a state actor into a constitutional violation." *Deshaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 202 (1989). Rather, a plaintiff bringing a claim under § 1983 must demonstrate not only that the defendant acted under color of state law, but also that the defendant "deprived the plaintiff of a federal constitutional or statutory right." *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (2011). "[T]he general rule is that [a] state is not liable for its omissions." *Id.* (quoting *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1086 (9th Cir. 2000)). An exception is "when the state affirmatively places the plaintiff in danger by acting with 'deliberate indifference' to a 'known or obvious danger[.]'" *Id.* at 971-72 (quoting *L.W. v. Grubbs*, 92 F.3d 894, 900 (9th Cir. 1996)). This exception can be a difficult hurdle for a plaintiff to clear.

> Deliberate indifference is "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his actions." *Bryan Cnty. v. Brown*, 520 U.S. 397, 410, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). We defined the contours of deliberate indifference in *Grubbs*, 92 F.3d at 898-900. Under *Grubbs*, the standard we apply is even higher than gross negligence—deliberate indifference requires a culpable mental state. *Id.* The state actor must "recognize[] [an] unreasonable risk and actually intend[] to expose the

> plaintiff to such risks without regard to the consequences to the plaintiff." *Id.* at 899 (internal quotation omitted). In other words, the defendant "knows that something *is* going to happen but ignores the risk and exposes [the plaintiff] to it." *Id.* at 900.

*Id.* at 974 (alterations and emphasis in original).

I agree with Addiction Counseling that Meyer-Conley's claims, as pled, sound in negligence as opposed to the higher culpable state required under § 1983. Essentially, Meyer-Conley alleges that one of Addiction Counseling's employees mixed up two UAs and, as a result, Meyer-Conley was imprisoned based on another's dirty UA. Meyer-Conley does not allege the employee, perhaps due to some dislike of Meyer-Conley, purposefully mislabeled the two samples.[3] And Meyer-Conley does not allege that Addiction Counseling had a formal policy in place that led to this apparent accident. To the contrary, Meyer-Conley alleges that "Emergence's policy of collecting one UA at a time had been violated when Newman allowed two samples to be submitted at the same time." First Am. Comp. ¶ 15.

The only allegation pointing to something more than mere potential negligence on the part of Addiction Counseling is an allegation that "Similar errors had occurred, and Emergence knew or should have known about its employees' practices which led to the error, but Emergence failed to take sufficient action to prevent the errors alleged in this complaint." First Am. Comp. ¶ 29(b). This allegation, however, falls far short of demonstrating Addiction Counseling was deliberately indifferent to Meyer-Conley's constitutional rights.

Meyer-Conley conflates knowledge of a prior occurrence and subsequent harm with deliberate indifference. But "[t]here is a significant difference between acting unreasonably with

---

[3] Even assuming Meyer-Conley alleged the mix up was intentional, Addiction Counseling would not necessarily be liable under § 1983 for the actions of the rogue employee. *See Peralta v. Dillard*, 744 F.3d 1076, 1085 (9th Cir.) (*en banc*) ("Supervisors aren't vicariously liable for constitutional violations under section 1983. But they can be liable for their own conduct.").

5 – OPINION AND ORDER

regard to a known risk and thereby exposing someone to that risk, and *intentionally exposing someone to a known risk.*" *Grubbs*, 92 F.3d at 899 (emphasis added). At best, Meyer-Conley alleges Addiction Counseling acted unreasonably after learning other UAs had been mislabeled. The fact that Addiction Counseling provides UA services for drug court, along with the fact that the court sends participants with dirty UAs to jail, does not mean that Addiction Counseling is liable under § 1983 for every penalty imposed by the court based on an erroneous UA.

Additionally, Meyer-Conley's threadbare allegation that "similar errors had occurred, and Emergence knew or should have known about its employee's practices which led to the error, but Emergence failed to take sufficient action to prevent the errors" fails to satisfy the pleading standards set forth in *Twombly* and *Iqbal*. While Meyer-Conley is correct that repeated reckless actions may constitute a pattern demonstrating deliberate indifference, her allegations of "similar errors" falls far short. On this front, *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) is instructive.

After being severely beaten in jail, Baca brought a § 1983 claim against the off-site sheriff supervisor under a deliberate indifference theory. Regarding the sheriff's knowledge of dangerous conditions and the known risk to inmates, Baca's complaint detailed numerous incidents in which inmates were injured or killed and alleged the sheriff received notice of each incident. *Id.* at 1216. Baca alleged the sheriff received a Department of Justice (DOJ) report detailing constitutional violations including abuse of inmates by sheriff's deputies. *Id.* at 1209. The sheriff received weekly reports detailing jail deaths and injuries. *Id.* The sheriff signed a Memorandum of Understanding (MOU) under threat of lawsuit requiring him to address constitutional violations of inmates. *Id.* The sheriff received a DOJ report finding continuing noncompliance with the MOU. *Id.*

Baca alleged seven inmates were killed between 2002 and 2005 and five of those deaths occurred within a six-month period. *Id.* at 1209-11. After all but one of these deaths, the sheriff was notified of his deputies' violations for failing to provide reasonable security, lax discipline, and failure to supervise. *Id.* The sheriff personally signed off on a civil settlement and was aware of another settlement, both involving severe inmate beatings. *Id.* at 1209- 10. In addition, the Sherriff Department's Special Counsel notified the sheriff that his deputies' conduct was costing the county millions of dollars in civil judgments and settlements. *Id.* at 1211. In total, Special Counsel notified the sheriff of 29 cases involving police misconduct that settled for $100,000 or more, only eight of which resulted in disciplinary actions or policy changes. *Id.* The Special Counsel reported to the Sheriff that the largest LA County jail "is so outdated, understaffed and riddled with security flaws that it jeopardizes the lives of guards and inmates." *Id.*

The court held that the complaint's numerous allegations were sufficiently detailed and "plausibly suggest that Sheriff Baca acquiesced in the unconstitutional conduct of his subordinates, and was thereby deliberately indifferent to the danger posed to Starr." *Id.* Meyer-Conley's complaint contains no specific facts regarding Addiction Counseling's knowledge of "similar errors" involving mislabeled UAs. Absent such facts, Meyer-Conley fails to demonstrate Addiction Counseling intentionally, as opposed to negligently, exposed her to the risk from a mislabeled UA.

The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). Based on the allegations, this case appears to be one based solely on negligence or, at most, gross negligence. I am hard pressed to see how any

7 – OPINION AND ORDER

amount of repleading will demonstrate Addiction Counseling was deliberately indifferent under these circumstances.[4] However, Meyer-Conley specifically requested leave to amend the complaint. In an abundance of caution, plaintiff is granted 30 days leave to replead the § 1983 claims.

    IT IS SO ORDERED.

    DATED this 14th day of May, 2018.

                                                    _____/s/ Michael McShane_____
                                                          Michael McShane
                                                   United States District Judge

---

[4] As Meyer-Conley failed to state a deliberate indifference claim, I need not turn to Addiction Counseling's other arguments. Those arguments may be raised, if necessary, in response to any amended complaint.